## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 05 2017, 6:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Merisha A. Bradtmueller, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 5, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1609-CR-2234 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Jr., Judge <br> The Honorable Samuel R. Keirns, Magistrate <br><br> Trial Court Cause No. <br> 02D06-1403-FB-62 |

**May, Judge.**

Merisha A. Bradtmueller appeals the trial court's order that she serve eight years of her suspended sentence following the revocation of her probation. We affirm.

# Facts and Procedural History

On March 6, 2015, Bradtmueller pled guilty to Class B felony neglect of a child resulting in serious bodily injury. The trial court sentenced her to ten years, suspended the sentence, and ordered four years on probation.

On July 7, 2015, Bradtmueller admitted she violated her probation by failing to complete the Community Control intake required by the terms of her probation. The court returned her to probation with the same conditions.

On March 8, 2016, Allen County Community Corrections ("ACCC") filed a status report regarding Bradtmueller's probation. The report indicated she had complied with certain terms of her probation, but was out of compliance for a multitude of reasons including failure to look for and obtain employment, non-payment of fees, missed appointments, a positive drug screen, and termination from both her substance abuse treatment and the Focusing on Resettlement program. On March 21, 2016, the trial court noted Bradtmueller "continue[d] to be out of compliance." (App. Vol. II at 96.) The trial court went on to order: "Defendant to remain on probation/community corrections on a Zero Tolerance basis. Any violation of placement to be reported to the court immediately." (*Id.*)

[5] On May 16, 2016, ACCC filed a report with the trial court indicating Bradtmueller did not submit a weekly schedule and did not attend substance abuse treatment or the Focusing on Resettlement program. Based on those violations, the trial court ordered Bradtmueller to serve fifteen days in jail.

[6] On August 5, the trial court ordered Bradtmueller be taken into custody and presented before the court on August 8, 2016, after "Community Corrections Field Officers have [sic] found [Bradtmueller] in a severely intoxicated condition believe[sic] to be caused by use of 'SPICE'." (*Id.* at 102.) The same day, the State filed a petition to revoke Bradtmueller's probation because she "[d]id not maintain good behavior. [Bradtmueller] admitted to Allen County Community Corrections Field Officers, [sic] that she had smoke[sic] Spice prior to their arrival at her residence on August 5, 2016. (*Id.* at 103.) On August 25, 2016, Bradtmueller admitted she violated her probation. The trial court ordered her incarcerated for eight years of her previously suspended ten-year sentence. The court gave Bradtmueller credit for time she had served in jail and on home detention, and ordered her to serve two years on probation.

# Discussion and Decision

[7] Bradtmueller alleges the court abused its discretion by ordering her to serve eight years of her previously suspended sentence. When reviewing a revocation decision, we consider only the evidence most favorable to the judgment without assessing credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We affirm unless the trial court abused its discretion. *Prewitt v.*

*State*, 878 N.E.2d 184, 188 (Ind. 2007). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

[8] Bradtmueller admitted she violated her probation, and "proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *reh'g denied*, *trans. denied*. On finding a defendant violated her probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h) (2016).

[9] The trial court ordered Bradtmueller to serve eight of her ten suspended years. Bradtmueller argues that was an abuse of discretion because she "was able to successfully complete 386 days on the Community Control program[,] . . . maintain employment despite her intellectual deficiencies[,] . . . maintain a household as a single mother of two children[, and] . . . did her best to comply with the [Department of Child Services]." (Br. of Appellant at 18.) However, the list of her accomplishments while on probation is overshadowed by her repeated probation violations for failure to attend and complete treatment, failure to maintain consistent employment, and positive drug screens. We cannot say the trial court abused its discretion when, after exhibiting patience and lenience with Bradtmueller for over one year of probation, it ordered her to serve eight years executed and two years suspended to probation. *See Prewitt*, 878 N.E.2d at 188 (trial court did not abuse its discretion when it ordered

Prewitt to serve a portion of his suspended sentence after Prewitt violated his probation on multiple occasions).

# Conclusion

The trial court did not abuse its discretion when it ordered Bradtmueller to serve eight years executed and two years suspended. Accordingly, we affirm.

Affirmed.

Brown, J., and Pyle, J., concur.